UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION AND THE STATES OF CALIFORNIA; FLORIDA; MARYLAND; MASSACHUSETTS; NORTH CAROLINA; OKLAHOMA; OREGON; TEXAS; VIRGINIA; AND WISCONSIN,<br><br>  Plaintiffs,<br><br>       v.<br><br>CANCER RECOVERY FOUNDATION INTERNATIONAL, INC. a corporation also doing business as WOMEN'S CANCER FUND,<br><br>  Defendant. | Case No. 4:24-cv-00881<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

This matter comes before the Court upon the stipulation of the Plaintiffs, the Federal Trade Commission ("FTC" or "Commission"), the Attorneys General of the states of California, Florida, Maryland, Massachusetts, North Carolina, Oklahoma, Oregon, Texas, Virginia, and Wisconsin; the Secretary of State of Maryland; and the Secretary of State of North Carolina ("State Plaintiffs") (collectively with the FTC, "Plaintiffs"), and Defendant Cancer Recovery Foundation International, Inc. also d/b/a Women's Cancer Fund ("CRFI") for the entry of an order for permanent injunction, monetary relief, and other relief as to Defendant CRFI.

On March 11, 2024, Plaintiffs filed their Complaint for Permanent Injunction, Monetary Relief, and Other Relief in this matter ("Complaint"), pursuant to Sections 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and 56(a)(1), Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105, and the unfair and deceptive acts and practices and charitable solicitation laws of the State Plaintiffs.

Plaintiffs and Defendant CRFI stipulate to the entry of this Stipulated Order for Permanent Injunction, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter. This Court has supplemental jurisdiction over the subject matter of the state law claims pursuant to 28 U.S.C. § 1367.

2. The Complaint charges that Defendant CRFI participated in deceptive acts or practices by making false or misleading claims in charitable solicitations in violation of Section 5 of the FTC Act, 15 U.S.C. § 45. The Complaint also charges that Defendant CRFI violated Section 310.3(b) of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.3(b), by assisting and facilitating for-profit Fundraisers in making charitable solicitations that violated Sections 310.3(a)(4) and 310.3(d)(1), (3), and (4) of the TSR. The Complaint also charges that Defendant CRFI violated the following state laws:

| STATE | STATUTORY AUTHORITY |
|---|---|
| California | CAL. BUS. & PROF. CODE §§ 17200 through 17209, and §§ 17510 through 17510.95; CAL. GOV. CODE §§ 12580 through 12599.10. |
| Florida | Florida Chapter 501, Part II, Florida Statutes (2023) |
| Maryland | MD. CODE ANN., BUS. REG. §§ 6-607, 6-608, 6-610 (LexisNexis 2015). |
| Massachusetts | MASS. GEN. LAWS ch. 68 §32. |
| North Carolina | North Carolina N.C. GEN. STAT. §§ 75-1.1 et. seq.; N.C.G.S. 131F-20 (1), (9), (10), (15), (18); 131F-21 |
| Oklahoma | OKLA. STAT. tit. 18, § 552.14a. |
| Oregon | OR. REV. STAT. §§128.886; 646.608(dd) |
| Texas | TEX. BUS. & COM. Code Ann. §§ 17.41–17.63- Texas Deceptive Trade Practices Act |
| Virginia | VA. CODE ANN. § 57-57(L) |
| Wisconsin | WIS. STAT. §§ 202.16. |

3. Defendant CRFI neither admits nor denies any of the allegations in the

Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant CRFI admits the facts necessary to establish jurisdiction.

4. Defendant Gregory Anderson is deceased. Defendant Anderson died on September 5, 2024.

5. Defendant CRFI has no assets and has not engaged in any business since on or about July 8, 2022 when it was dissolved. Defendant CRFI shut down its business and filed a Certification of Dissolution in the State of Delaware on November 23, 2022. The Certification of Dissolution is attached to the Order.

6. All Donor lists in Defendant CRFI's possession have been destroyed.

7. Defendant CRFI waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear its own costs and attorney fees.

8. Defendant CRFI waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**CRFI**" means Defendant Cancer Recovery Foundation International, Inc., also d/b/a Women's Cancer Fund, Pink Diamond Women's Cancer Fund, New Era Cancer Research Fund, Nutrition as Medicine, and its successors and assigns.

B. "**Contribution**" means any donation or gift of money or any other thing of value.

C. "**Donor**" means any Person solicited to make a Contribution.

D. "**Fundraiser**" means any Person who is retained under contract or otherwise compensated by or on behalf of a Nonprofit Organization primarily for the purpose of soliciting Contributions.

E. "**Fundraising**" means a plan, program, or campaign that is conducted to induce Contributions by mail, telephone, electronic mail, social media, or any other means.

F. "**Nonprofit Organization**" means any Person that is, or is represented to be, a nonprofit entity, or that has, or is represented to have, a charitable purpose.

G. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

H. "**State Plaintiffs**" means the Attorneys General of the states of California, Florida, Maryland, Massachusetts, North Carolina, Oklahoma, Oregon, Texas, Virginia, and Wisconsin; Secretary of State of Maryland; and the Secretary of State of North Carolina.

# ORDER

## I. PERMANENT CESSATION OF BUSINESS

IT IS ORDERED that Defendant CRFI is permanently restrained and enjoined from engaging in any Fundraising or otherwise receiving any payment or other financial benefit from engaging, participating, or assisting in the solicitation of Contributions. Upon entry of this Order, Defendant CRFI shall permanently cease to conduct any business and may not be reinstated or reformed.

## II. DONOR INFORMATION

IT IS FURTHER ORDERED that Defendant CRFI, its officers, directors, agents, employees, independent contractors, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly:

A. Are permanently restrained and enjoined from disclosing, using, or benefiting from any information about or list of Donors to Defendant CRFI or other Nonprofit Organization for which Defendant CRFI solicited or accepted Contributions, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a Donor's account (including a credit card, bank account, or other financial account), that was obtained prior to entry of this Order;

B. Shall destroy, or cause to be destroyed, all information related to Donors, including any list of Donors to Defendant CRFI, in their possession, custody or control, in all forms within ten (10) days after entry of this Order;

C. Shall, within seven (7) days after entry of this Order:

1. Coordinate with Plaintiffs in sending a copy of this Order and to provide clear and conspicuous notice of the prohibitions in this Section to each Fundraiser, telemarketer, independent contractor, list management company, escrow agent, or other

third party with possession, custody, or control of any such information about Donors to Defendant CRFI; and

  2. Coordinate with Plaintiffs in directing that each such Fundraiser, telemarketer, independent contractor, list management company, escrow agent, or other third party immediately destroy, or cause to be destroyed, all such Donor information in its possession, custody, or control and provide a sworn statement certifying that they have destroyed such Donor information in all forms in their possession, custody, or control within 15 days after entry of this Order.

***Provided, however***, that Donor information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

### III. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

  A. Judgment in the amount of **Eighteen Million Two Hundred Fifty Thousand Dollars ($18,250,000)** is entered in favor of Plaintiffs against Defendant CRFI as monetary relief.

  B. The monetary judgment in Subsection A is hereby suspended, subject to the Subsections below.

  C. Plaintiffs' agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendant CRFI's sworn financial statement and related documents (collectively, "financial representations") submitted to Plaintiffs, namely the Financial Statement of Defendant CRFI signed by Gregory B. Anderson, Defendant CRFI's CEO and President, on June 10, 2024, including the attachments.

  D. The suspension of the judgment will be lifted as to Defendant CRFI if, upon

motion by Plaintiffs, the Court finds that CRFI failed to disclose any material asset, or made any other material misstatement or omission in the financial representations identified above.

E.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to Defendant CRFI in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## IV.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.  Defendant CRFI relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Defendant CRFI acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which CRFI previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

## V. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that within 7 days of this Order, Defendant CRFI, through its counsel of record, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

## VI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this \_\_\_ day of _____, 2024.**

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FEDERAL TRADE COMMISSION**

/s/ J. Ronald Brooke, Jr.                              Date:   December 16, 2024
J. Ronald Brooke, Jr.
Miry Kim (WA State Bar No. 31456)
Attorneys
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
jbrooke@ftc.gov
(202) 326-3484
mkim@ftc.gov
(202) 326-3622

**FOR THE STATE OF CALIFORNIA**

/s/ Jami L. Cantore                              Date:   December 13, 2024
Jami L. Cantore (CA Bar No. 165410)
Deputy Attorney General
California Department of Justice
Charitable Trusts Section
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 269-6555
Jami.Cantore@doj.ca.gov

**FOR THE STATE OF FLORIDA**

/s/ Jennifer Hinton Knutton                              Date:   December 10, 2024
Jennifer Hinton Knutton (FL Bar No. 92771)
Chief Assistant Attorney General, Orlando Bureau
Office of the Attorney General
State of Florida
Department of Legal Affairs
Consumer Protection Division
135 W. Central Blvd., Suite 1000
Orlando, FL 32801
(407) 316-4840
Jennifer.Knutton@myfloridalegal.com

**FOR THE STATE OF MARYLAND**

/s/ Josaphine B. Yuzuik                                        Date: December 12, 2024
Josaphine B. Yuzuik
Assistant Attorney General
Office of the Attorney General
Office of the Secretary of State
16 Francis Street
Annapolis, MD 21401
(410) 260-3855
Josaphine.yuzuik@maryland.gov


**FOR THE COMMONWEALTH OF MASSACHUSETTS**

/s/ Veronica H. Zhang                                             Date:   December 10, 2024
Veronica H. Zhang (MA BBO No. 685166)
Assistant Attorney General
Non-Profit Organizations/Public Charities Division
Office of Attorney General Andrea Joy Campbell
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200
veronica.zhang@mass.gov

**FOR THE STATE OF NORTH CAROLINA**

/s/ Llogan R. Walters                                                      Date: December 10, 2024
Llogan R. Walters (NC State Bar No. 51050)
Assistant Attorney General
North Carolina Department of Justice
114 W. Edenton St. Raleigh
North Carolina 27603 (919) 716-6000
lwalters@ncdoj.gov


/s/ J. Brooke Schmidly                                                     Date: December 13, 2024
J. Brooke Schmidly (NC State Bar No. 36327)
Counsel for NC Secretary of State
Assistant Attorney General
North Carolina Department of Justice
114 W. Edenton St. Raleigh, NC 27603
(919) 716-6623
bschmidly@ncdoj.gov


**FOR THE STATE OF OKLAHOMA**

GENTNER DRUMMOND
Attorney General

/s/ Malisa McPherson                                                       Date: December 13, 2024
Malisa McPherson (OK State Bar No. 32070)
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-2297
Malisa.McPherson@oag.ok.gov

**FOR THE STATE OF OREGON**

/s/ Heather L. Weigler                                    Date:   December 10, 2024
Heather L. Weigler (OR State Bar No. 035900)
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street, Portland, Oregon 97201
(971) 673-1880
Heather.L.Weigler@doj.state.or.us


**FOR THE STATE OF TEXAS**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

/s/ Karyn Meinke                                          Date:   December 10, 2024
Karyn Meinke (TX State Bar No. 24032859)
Assistant Attorney General
Office of the Attorney General for the State of Texas
112 E. Pecan, Ste. 735
San Antonio, TX 78205
(210) 270-1107
Karyn.Meinke@oag.texas.gov

FOR THE COMMONWEALTH OF VIRGINIA,
*EX REL.* JASON S. MIYARES,
ATTORNEY GENERAL

| | |
|---|---|
| /s/ Mark S. Kubiak | Date:  December 10, 2024 |

MARK S. KUBIAK (VSB NO. 73119)
Senior Assistant Attorney General
CHANDLER P. CRENSHAW (VSB NO. 93452)
Assistant Attorney General
Office of the Attorney General of Virginia
Barbara Johns Building
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 786-7364
mkubiak@oag.state.va.us
ccrenshaw@oag.state.va.us


FOR THE STATE OF WISCONSIN

JOSHUA L. KAUL
Attorney General, State of Wisconsin


| | |
|---|---|
| /s/ Colin R. Stroud | Date:  December 16, 2024 |

Colin R. Stroud (WI Bar No. 1119457)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI  53707-7857
(608) 261-9224
stroudcr@doj.state.wi.us

**DEFENDANT CANCER RECOVERY FOUNDATION INTERNATIONAL, INC.**

*eSigned by:*
*Finiscowan*
10/07/2024 @ 16:16 UTC

Finis Cowan
One Greenway Plaza, Suite 100
Houston, TX 77046

Attorney for Cancer Recovery Foundation International, Inc.

Date: 10/07/2024

Page **14** of **14**

# Signature Certificate

Document completed by all parties on 10/07/2024 @ 11:16 CDT
Document ID: 670409609ad17c001e58eb8e

## Sender information

| | |
|---|---|
| Sent On: | 10/07/2024 @ 11:16 CDT |
| Timezone: | Central Daylight Time |
| Sender: | Finiscowan finis@finiscowan.com |
| Sender IP: | 73.232.173.252 |

| Signer | Signature |
|---|---|



| | | |
|---|---|---|
| | Finiscowan | |
| | finis@finiscowan.com | |
| Received: | 10/07/2024 @ 11:16 CDT | |
| Viewed: | 10/07/2024 @ 11:16 CDT | |
| Signed: | 10/07/2024 @ 11:16 CDT | |

*Finiscowan*

IP: 73.232.173.252
Location: Houston, TX, United States

Page 15 of 15

eSign

